

NUMBER 13-09-00703-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN THE MATTER OF THE MARRIAGE OF AMY LASSMANN AND CHARLES A. LASSMANN, JR. AND IN THE INTEREST OF C. J. L., A CHILD

### On appeal from the 24th District Court of Victoria County, Texas.

# DISSENTING MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Yañez and Garza
Dissenting Memorandum Opinion by Justice Yañez**

I agree with the majority's finding that the trial court erred in (1) holding that Charles was voluntarily unemployed and (2) considering such voluntary unemployment as a factor in the determination of child support.[1] However, I disagree with the majority's conclusion that the trial court was free to consider other factors—including Charles's earning potential—and therefore, did not abuse its discretion in calculating Charles's child support obligation. Accordingly, I respectfully dissent.

---

[1] *See* TEX. FAM. CODE ANN. § 154.066 (Vernon 2008).

## I. Majority's Decision

In support of its argument that the trial court had discretion to base Charles's child support obligation on his earning potential, the majority cites *Pharo v. Trice*[2] and *Wetzel v. Wetzel*.[3] I find both cases distinguishable.

As the majority notes, the *Pharo* court observed that a court "may take a parent's earning potential into account when determining the amount of child support the parent must pay"; however, it also noted that a parent cannot avoid a child support obligation by voluntarily remaining unemployed.[4] The court found that Pharo, the child support oligor, had sufficient earning potential to pay her $500 monthly child support obligation because, although she was unemployed and received monthly income of only $150 to $200 from an oil investment, she also received funds from a trust sufficient to pay a full-time babysitter $800 per month and all of her own and her daughter's medical expenses.[5] Thus, the court's holding that the trial court did not abuse its discretion in awarding the $500 child support obligation was not based on Pharo's "earning potential," but on income she was actually receiving from a trust.[6]

Similarly, the *Wetzel* court asserted that although the trial court could have—and may have—considered the appellant's earning potential, the trial court did not abuse its discretion in ordering appellant to pay $150 per month in child support because there was

---

[2] 711 S.W.2d 282, 284 (Tex. App.–Dallas 1986, no writ).

[3] 514 S.W.2d 283, 285 (Tex. Civ. App.–San Antonio 1974, no writ).

[4] *Pharo*, 711 S.W.2d at 284.

[5] *Id.*

[6] *Id.*

evidence that appellant received over $500 per month from his oil and rental property.[7]

Thus, as in *Pharo*, the appellate court's holding was not based on appellant's "earning potential," but on income he was actually receiving.[8]

## II. Discussion

Section 154.062 of the family code provides that a court "shall calculate net resources for the purpose of determining child support liability as provided by this section."[9] "Resources" are defined to include, among other things, "100 percent of all wage and salary income and other compensation for personal services" and "all other income *actually being received.*"[10] In the present case, although we may not presume that an incarcerated person has no assets on which to base a child support award,[11] it is uncontroverted that Charles is not receiving income and has no other assets on which to base a child support award.

Section 154.066 of the family code allows the trial court to apply the support guidelines to the earning *potential* of an obligor, rather than actual income, *if the obligor is intentionally unemployed or underemployed.*[12] The trial court held that Charles was

---

[7] *Wetzel*, 514 S.W.2d at 285.

[8] *See id.*

[9] *See* TEX. FAM. CODE ANN. § 154.062(a) (Vernon Supp. 2009).

[10] *Id.* § 154.062(b)(1), (5) (emphasis added).

[11] *See In re B.R.G.*, 48 S.W.3d 812, 819 (Tex. App.–El Paso 2001, no pet.).

[12] *See* TEX. FAM. CODE ANN. § 154.066 (Vernon 2008) (emphasis added); *see also In re Z.P.B.*, 109 S.W.3d 772, 783 (Tex. App.–Fort Worth 2003, no pet.) ("Thus, a court *may* take a parent's earning potential into account when determining the amount of child support the parent must pay. A parent who is qualified to obtain gainful employment cannot evade his or her support obligation by voluntarily remaining unemployed.") (internal citations omitted); *Giangrosso v. Crosley*, 840 S.W.2d 765, 770 (Tex. App.–Houston [1st Dist.] 1992, no writ) ("Thus, a court may take a parent's earning potential into account when determining the amount of child support the parent must pay. A parent who is qualified to obtain gainful employment cannot evade his or her support obligation by voluntarily remaining unemployed.") (internal citations omitted); *Powell v. Powell*, 721 S.W.2d 394, 396 (Tex. App.–Corpus Christi 1986, no writ) ("The court may, therefore, take a parent's

3

voluntarily unemployed and based the child support order on the $26 hourly wage which reflects Charles's earning potential. However, the majority concluded—and I agree—that because Charles was not intentionally unemployed, the trial court erred in relying on section 154.066. Even though the majority concedes that the trial court could not have properly based the child support obligation on Charles's earning potential as an intentionally unemployed person, it nonetheless finds that the trial court properly based the award on Charles's *earning potential*, instead of income he was *actually receiving*. I would find, however, that the *only* evidence before the court of Charles's wage and salary income was his earning potential (prior wage), which the trial court could not have properly considered because he was not intentionally unemployed. In such circumstances, "in the absence of evidence of the wage and salary income of a party," the trial court "shall" apply the presumption that Charles had wages or salary equal to the federal minimum wage.[13]

In *Smith v. Smith*, this Court held in a memorandum opinion that the trial court did not abuse its discretion in awarding child support based on the federal minimum wage, where the obligor was in prison and there was no evidence of his earned income.[14] Similarly, the El Paso court held that the trial court did not abuse its discretion in basing a child support award on the minimum wage presumption, where the obligor was in prison and there was no evidence regarding his resources.[15] The Waco court has also found that

---

earning potential into account when determining the amount of child support the parent must pay. A parent who is qualified to obtain gainful employment cannot evade his or her support obligations by voluntarily remaining unemployed.") (internal citations omitted).

[13] *See* TEX. FAM. CODE ANN. § 154.068 (Vernon 2008) ("In the absence of evidence of the wage and salary income of a party, the court shall presume that the party has wages or salary equal to the federal minimum wage for a 40-hour week.").

[14] *Smith v. Smith*, No. 13-03-508-CV, 2005 Tex. App. LEXIS 4080, at **14-15 (Tex. App.–Corpus Christi May 26, 2005, no pet.) (mem. op.).

[15] *See In re B.R.G.*, 48 S.W.3d at 819.

4

where there was no evidence to establish the obligor parent's net resources while incarcerated, the trial court did not abuse its discretion in basing its child support award on the minimum wage presumption.[16]

The majority asserts that I "overlook" the provision that grants a trial court "broad discretion" in determining child support awards.[17] I respectfully disagree. The trial court's "broad discretion" is fettered by the provisions in the family code. The majority asserts that even though Charles was not voluntarily unemployed or underemployed, his "earning potential" may nevertheless be taken into account in determining his child support obligation. In support of this proposition, the majority cites only *Pharo* and *Wetzel*.[18] As noted above, in both cases, the court relied on income *actually being received* by the obligor, not "earning potential."

Although the majority asserts that it "find[s] no authority to support the contention that earning potential should only be considered in cases of voluntary unemployment," it cites no authority for the proposition that earning potential *may be considered* in circumstances where the obligor is neither voluntarily unemployed nor voluntarily underemployed and there is no evidence of income actually being received by the obligor. In such circumstances, I submit, the federal minimum wage presumption is applicable. [19]

---

[16] *See Reyes v. Reyes*, 946 S.W.2d 627, 630 (Tex. App.–Waco 1997, no writ); *see also In re N.H.P. v. Prudhomme*, No. 05-04-009-CV, 2004 Tex. App. LEXIS 10976, at *5 (Tex. App.–Dallas Dec. 7, 2004, no pet.) (mem. op.) (holding that where only evidence was that obligor was unemployed, trial court properly applied minimum wage presumption); *In re Moss*, 887 S.W.2d 186, 188 (Tex. App.–Texarkana 1994, writ ref'd) (holding where no evidence of obligor's income, trial court should apply minimum wage presumption).

[17] *See* TEX. FAM. CODE ANN. § 154.123 (Vernon 2008).

[18] *See Pharo*, 711 S.W.2d at 284; *Wetzel*, 514 S.W.2d at 285.

[19] *See* TEX. FAM. CODE ANN. § 154.068.

5

### III.  Conclusion

I would hold that in the present case, there was no evidence of Charles's wage and salary income, and that the trial court should therefore have applied the federal minimum wage presumption in calculating the child support award.[20]  Accordingly, I would:  (1) hold that the trial court abused its discretion; (2) reverse the trial court's award of child support; and (3) remand for further proceedings.

LINDA REYNA YAÑEZ
JUSTICE

Delivered and filed the
25th day of August, 2010.

---

[20] *See id.*